Filed 1/4/21  P. v. Jacopetti CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DENNIS JOSEPH JACOPETTI,<br><br>    Defendant and Appellant. | C087980 & C089164<br><br>(Super. Ct. No. 16FE011744) |

Defendant appeals a judgment entered following his no contest pleas to two counts of grand theft (Pen. Code, § 487, subd. (a)),[1] offering a false instrument for recording (§ 115, subd. (a)), and forgery (§ 470, subd. (c)) and admissions that when committing the forgery he had been out on bail (§ 12022.1) and took more than $500,000 (§ 186.11, subd. (a)).  Defendant contends:  (1) we must vacate certain fees in light of *People v.*

---

[1]  Undesignated statutory references are to the Penal Code.

*Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*); and (2) we must strike the $300 restitution fine (§ 1202.4) and $300 parole revocation restitution fine (§ 1202.45) reflected in the minute order and on the abstract of judgment, but not orally imposed by the trial court at sentencing.

We disagree with defendant's *Dueñas* argument for the reasons explained herein. However, we will remand the matter so that the trial court may exercise its discretion to impose the restitution and parole revocation restitution fines. We otherwise affirm the judgment.

**FACTUAL AND PROCEDURAL HISTORY**

Defendant pleaded no contest to two counts of grand theft (§ 487, subd. (a); counts one & four), offering a false instrument for recording (§ 115, subd. (a); count two), forgery (§ 470, subd. (c), count nine), and admitted that when committing the forgery he had been out on bail (§ 12022.1) and took more than $500,000 (§ 186.11, subd. (a)). Defendant agreed to a prison sentence of 12 years and the remaining charges were dismissed with a *Harvey*[2] waiver. The parties stipulated to the factual basis for his plea.

The court denied defendant's request for probation and sentenced him to the agreed upon aggregate term of 12 years in prison. The court waived nonmandatory fines and fees and then imposed four $40 court operations assessment fees (§ 1465.8) ($160), and four $30 conviction assessment fees (Gov. Code, § 70373) ($120). The court did not orally pronounce a restitution or a corresponding parole revocation restitution fine, but both the minute order and the abstract of judgment reflect a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 suspended parole revocation restitution fine (§ 1202.45). Defendant's motions to have his fees converted into days of imprisonment and his request to have his fines and fees stayed were denied.

_____

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

Defendant was granted permission to file a late notice of appeal under the constructive filing doctrine and also appealed the denial of his motion to stay his fines and fees resulting in the two appellate cases at issue in this appeal, which have been consolidated for all purposes.

## DISCUSSION

## I

### *The Dueñas Challenge*

Defendant challenges imposition of $120 in conviction assessment fees (Gov. Code, § 70373) and $160 in court operations assessment fees (§ 1465.8) and requests we vacate these amounts in light of *Dueñas, supra*, 30 Cal.App.5th 1157. We disagree with *Dueñas* and reject defendant's challenge.

The *Dueñas* court held that due process prohibits a trial court from imposing court assessments under section 1465.8 and Government Code section 70373, and requires the trial court to stay execution of any restitution fines unless it ascertains by hearing the defendant's ability to pay those assessments and fines. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) To support this conclusion, *Dueñas* relied on two lines of due process precedent. First, it cited authorities addressing access to courts and waiving court costs for indigent civil litigants. Second, it relied on due process and equal protection authorities that prohibit incarceration based on a defendant's indigence and inability to pay a fine or fee. (*Id.* at pp. 1165-1166, 1168.) The court also concluded that imposing costs on indigent defendants "blamelessly" unable to pay them transformed a "funding mechanism for the courts into additional punishment." (*Id.* at p. 1168.)

*People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946 rejected the reasoning of *Dueñas*, under both lines of due process authority. *Hicks* observed that imposition of fees after a determination of guilt does not deny a criminal defendant's access to the courts and does not interfere with a defendant's right to present a defense or challenge a trial court's rulings on appeal. (*Id.* at p. 326.) Further,

3

imposition of fees, without more, does not result in incarceration for nonpayment of fines and fees due to indigence; thus, it does not infringe on a fundamental liberty interest. (*Ibid.*)

We find the reasoning in *Hicks* sounder and more persuasive than *Dueñas*. Accordingly, defendant has not demonstrated the imposition of the complained of fees has violated his constitutional rights.

## II

### *The Restitution Fines*

Defendant requests that we strike both the $300 restitution and a $300 parole revocation restitution fines reflected in the minute order and on the abstract of judgment, but not orally imposed by the court at sentencing.

Section 1202.4, subdivision (b), requires that "[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." If defendant has committed a felony, this fine shall be between $300 and $10,000. (§ 1202.4, subd. (b)(1).) Likewise, in every case where there is a period of parole, the court must impose and suspend a corresponding parole revocation restitution fine (§ 1202.45, subd. (a)). (*People v. Smith* (2001) 24 Cal.4th 849, 851.)

Here, the trial court did not perform this mandatory duty. Accordingly, we will remand the matter to allow the trial court to exercise its discretion.

## DISPOSITION

The matter is remanded so that the trial court may impose a restitution fine (§ 1202.4) and a corresponding suspended parole revocation restitution fine (§ 1202.45). The judgment is otherwise affirmed.


/s/
HOCH, J.


We concur:


/s/
DUARTE, Acting P. J.


/s/
KRAUSE, J.

5